The opinion below is hereby signed. Dated: November 19, 2005.

_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
VERNA R. GREEN,                    )   Case No. 05-00311
                                   )   (Chapter 7)
            Debtor.                )

## OPINION RE MOTION TO RECONSIDER DISMISSAL OF CASE

The debtor, Verna R. Green, has filed a letter in which she may be asking for reconsideration of the order dismissing this bankruptcy case. Treating the same as a motion to reconsider, the court will deny the motion except that the prior dismissal will be made without prejudice.

Green filed her voluntary petition on March 3, 2005, listing in the box for her address "4562 Eads Street, N.E., Washington, D.C.," but with a diagonal a slash alongside that address after which the handwritten words "5111 Ayers Wash Plac--Loc 4 SE 20019." The point is that only the Eads Street address was given as an intelligible address.

The clerk set pursuant to 11 U.S.C. § 341 a meeting of creditors for April 7, 2005. The clerk never issued a notice

of that meeting because the debtor never filed a mailing matrix or list of creditors as required by the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of this court.  On April 15, 2005, the court issued an order to show cause why the case ought not be dismissed for failure to file the mailing matrix.  Again, on May 23, 2005, the court issued a second order to show cause why the case ought not be dismissed for failure to file the mailing matrix.  Both orders were mailed to the debtor at her Eads Street address.  No response was filed to either order.  On June 21, 2005, the court entered an order dismissing the case with prejudice for 180 days.  A copy of that order was mailed to the debtor at the Eads Street address.

On November 14, 2005, almost five months after the case was dismissed, and more than eight months after she commenced the case, the debtor filed a letter in which she states that she was evicted from the Eads Street address prior to 2005 so that her mail got tossed around.  She further states that she attempted to get a credit report but has been unable to get one.  She shows that she requested one around April 27, 2005 (the date of a money order receipt she sent the credit reporting company).

The court infers that she is attempting to justify why

she did not file a timely mailing matrix (because she thinks she needed a credit report to do so, perhaps because creditors' bills were not being received once she had left the Eads Street address). She may also be saying that she was not receiving any of the mail from the court. The court further infers that she seeks to have the dismissal of this case vacated.

The debtor used an erroneous address on her petition as she no longer resided at the Eads Street address, and the Ayers Place address she attempted to place beside the Eads Street address was unintelligible. She has only herself to blame for not listing a correct address.

Even if the debtor received none of the mail, she was obligated to file a mailing matrix and to do so in a timely fashion to permit creditors to be notified of the pendency of the case. Her schedules, moreover, listed addresses for each creditor, so it is hard to understand why she could not have used those addresses to prepare a mailing matrix. In any event, the debtor's delay in preparing a mailing matrix is intolerably long whatever the reason for the debtor's delay in preparing the mailing matrix. Dismissal was warranted once the debtor did not file a mailing matrix in a timely fashion. The court will not set aside the dismissal of the case.

3

The debtor may be asking to modify the dismissal order so that she can be free to file a new case, and the court will amend the prior dismissal order to make it one without prejudice. Although she was obligated to file a mailing matrix, it is not clear that she received an order directing her to file a mailing matrix. Although that may stem from her use of the Eads Street address (for which she bears the blame), her failure to file a mailing matrix would not have stemmed from a willful failure to comply with an order of the court.

An order follows.

[Signed and dated above.]

Copies to:

All entities on BNC mailing list (including debtor at her address of record); Verna R. Green, **at additional address of 5111 Ayers Place, S.E., Apartment 4, Washington, DC 20019-6453.**